IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN WENDELL JONES,

                                                                                          MEMORANDUM

                   Plaintiff,

                                                                                        3:07-cv-141-bbc

      v.

RICK RAEMISCH,
in his official capacity;
WARDEN R. SCHNEITER, WSPF;
G. BOUGHTON, a Security Director;
B. KOOL, a Unit Manager; and
P. HUIBREGTSE, Under Warden,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Stephen Jones is proceeding in this action under the imminent danger exception to the Prison Litigation Reform Act on his claim that defendants Frank, Boughton, Kool and Huibregtse are violating his Eighth Amendment rights by failing to protect him from a substantial risk of assault by other prisoners. Now plaintiff has filed a document titled "Notice and motion of plaintiff to call secretary Raemisch as an expert witness and David Westfield." In his submission, plaintiff appears to be disclosing his expert witnesses as required by the Magistrate Judge's preliminary pretrial conference order dated July 11,

1

2007. In the July 11 order, the magistrate judge set the deadline for plaintiff to disclose his expert witnesses for November 21, 2007. Plaintiff's recent submission was timely filed on the November 21 deadline. However, I will deny his request to name secretary Raemisch and David Westfield as expert witnesses because his submission does not comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 26(a)(2) requires, in addition to the disclosure of expert witnesses, that the parties to a lawsuit file a written report that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous ten years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Because plaintiff's recent submission does not include a report containing the information required by Rule 26(a)(2), plaintiff will not be permitted to call secretary Raemisch or David

2

Westfield as expert witnesses.

Entered this 3d day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge