IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN WENDELL JONES,

                                          OPINION AND ORDER

                Plaintiff,

                                         07-cv-141-bbc

         v.

SECRETARY MATTHEW FRANK, WDOC,
in his official capacity; WARDEN R.
SCHNEITER, WSPF; GARY BOUGHTON, a
Security Director; B. KOOL, a Unit
Manager; and PETER HUIBREGTSE, Under
Warden,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action for declaratory, injunctive and monetary relief in which plaintiff

Stephen Wendell Jones, a prisoner, contends that defendants Matthew Frank, R. Schneiter,

Gary Boughton, B. Kool and Peter Huibregtse are violating his Eighth Amendment right to

personal safety by forcing him to congregate with other prisoners who wish to harm him,

including gang members and prisoners on whom he has "snitched."  Jurisdiction is present.

28 U.S.C. § 1331.

       There are several motions currently before the court.  First, is defendants' motion for

1

summary judgment in which they make four arguments (1) defendants are entitled to judgment entered in their favor because plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  42 U.S.C. § 1997e(a); (2) defendant Frank is not liable under 42 U.S.C. § 1983 because he had no personal involvement with plaintiff's claim; (3) defendants are entitled to judgment entered in their favor because plaintiff is not at risk of being seriously harmed; and (4) defendants are all entitled to qualified immunity.  Plaintiff has several of his own motions pending before the court, including (1) a renewed motion for a temporary restraining order and preliminary injunction; (2) a motion to submit additional exhibits in response to defendants' summary judgment motion; and (3) a motion to file a supplemental response to defendants' proposed finding of fact.

Because I conclude that the undisputed facts establish that plaintiff failed to exhaust his administrative remedies, I cannot address the merits of this case.  Therefore, defendants' summary judgment motion will be granted in reliance on their first argument and without addressing their other arguments regarding the merits of this case.  Moreover, plaintiff's motions, all of which address matters regarding the merits of this case, will be denied as moot.  Additionally, even if I were to grant plaintiff's motion to submit additional exhibits and motion to file a supplemental response regarding defendants' summary judgment motion, the information contained in both submissions would not alter my conclusion

regarding plaintiff's failure to exhaust because the additional information in both motions has to do with the merits of plaintiff's case and the exhaustion determination does not take into consideration the merits of this case.

Although plaintiff does not deny that his complaint was rejected on the basis of the inmate complaint examiner's determination that plaintiff failed to "allege sufficient facts upon which redress may be made," plaintiff does disagree with the examiner's conclusion. Despite plaintiff's disagreement regarding whether he had alleged sufficient facts, I must give deference to the examiner's interpretation and application of a legitimate grievance procedure. The examiner provided plaintiff an opportunity to file a correct complaint, but plaintiff failed to do that and instead filed this lawsuit. Accordingly, plaintiff's failure to exhaust all available administrative remedies requires that I grant defendants' motion for summary judgment.

From defendants' proposed findings of fact, I find the following facts are undisputed. (Although plaintiff responded to defendants' proposed finding of fact, he did not file his own proposals.)


UNDISPUTED FACTS

Plaintiff Stephen Wendell Jones is a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. On November 22, 2006, plaintiff wrote a letter to Ms.

Harper, a social worker at the Wisconsin Secure Program Facility, in which he requested that

he not be forced to congregate with other inmates who wish to harm him.  On December 3,

2006, plaintiff filed an offender complaint, WSPF-2006-35364, in which he wrote

> This complaint identifies a need for Wisconsin Department of Corrections .
> . . to "waive" a requirement that I must work with WSPF inmates whom I can say has
> made credible threats to physically harm me.
> Since my arrival here I can establish times, dates (or a time-line) as well as
> many prisoners - in gangs - that said dire harm should be and would be done to me;

On December 5, 2006, the inmate complaint examiner "rejected" plaintiff's complaint

because

> Inmate Jones does not list a specific employee/inmate, nor does he give a specific date
> this is occurring.
> Inmate does not allege sufficient facts upon which redress may be made.

On December 14, 2006, plaintiff appealed to the warden for review of the rejection of his

complaint, as permitted by Wis. Admin. Code DOC § 310.11(6).  In his request for review,

plaintiff restated much of his initial complaint and added that "ICE owed a duty to me to

investigate or refer it for further investigation."  On that same day defendant Peter

Huibregtse affirmed the examiner's rejection of plaintiff's complaint stating, "[t]his

complaint was appropriately rejected by the ICE in accordance with DOC 310.11(5)."

Between the rejection of plaintiff's offender complaint and his filing of this lawsuit

on March 22, 2008, plaintiff did not file any other grievances objecting to forced

congregation with other inmates who wish to harm him.

4

OPINION

The dispositive issue in defendants' motion for summary judgment is whether plaintiff exhausted all available administrative remedies, as required by 42 U.S.C. § 1997e(a).  Defendants argue that plaintiff failed to exhaust all available administrative remedies before filing this lawsuit because his grievance was rejected for failing to comply with prison rules regarding the content of grievances.  Plaintiff disagrees and argues that his grievance contained enough information to allow the examiner to act on it.

The requirement under 42 U.S.C. § 1997e(a) that prisoners exhaust all available administrative remedies before filing a lawsuit is meant to allow prison officials the opportunity to correct their mistakes and resolve prisoners' complaints without judicial intervention.  Woodford v. Ngo, 126 S. Ct. 2378, 2387-88 (2006).  In filing a grievance, a prisoner's compliance with procedural rules is important in making sure prison officials have "a fair opportunity to consider the grievance."  Id. at 2388.  "Therefore, if prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed."  Simpson v. Greenwood, No. 06-C-612-C, 2007 U.S. Dist. LEXIS 26214, at *9 (W.D. Wis. Apr. 6, 2007) (citing Dixon v. Page, 291 F.3d 485 (7th Cir. 2002); Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)).

5

In this case, the inmate complaint examiner rejected plaintiff's offender complaint for failure to comply with Wis. Admin. Code DOC § 310.11(5)(c), which states in pertinent part that

> The [Inmate Complaint Examiner] may reject a complaint for the following reasons:
>
> . . .
>
> (c) The inmate does not allege sufficient facts upon which redress may be made.

The examiner noted specifically that plaintiff failed to satisfy the requirement because he did not list names of any gang member inmates that had threatened him or specific dates of when any threat had been made.  Under the general rule, plaintiff's failure to comply with this procedural requirement requires the court to dismiss his lawsuit for failure to exhaust all administrative remedies.  However, plaintiff would escape the consequences of the general rule if the procedural requirement at issue prevents him from obtaining "'a meaningful opportunity' to present his grievance."  <u>Simpson</u>, 2007 U.S. Dist. LEXIS 26215, at *10 (quoting <u>Woodford</u>, 126 S. Ct. at 2387).  For example a procedure may be invalid if it is nothing more than "an additional procedural technicality," <u>Love v. Pullman</u>, 404 U.S. 522, 526 (1972), or an arbitrary barrier to an inmate's filing of a lawsuit.  Plaintiff does not dispute facial validity of the § 310.11(5)(c) requirement.  The requirement is valid on its face because compliance with the requirement helps provide prison officials with enough

factual detail to determine how to properly redress inmates' grievances.  It does not act as a mere technicality or arbitrary barrier to filing a lawsuit.  E.g.,  Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002) (reasoning that prison grievance procedural rules may permissibly use fact-pleading to require factual detail in administrative grievances).  Therefore, the requirement on its face does not obstruct a meaningful opportunity to present a grievance.

Although there is no dispute regarding the validity of the § 310.11(5)(c) requirement, the parties do dispute the examiner's interpretation and application of the requirement.  The examiner concluded that plaintiff failed to satisfy the requirement because he did not list names of any gang member inmates that had threatened him or specific dates of when any threat had been made.  Requiring plaintiff to provide specific names or dates is not explicitly listed in the § 310.11(5)(c) requirement; instead, requiring such specific factual information is the examiner's interpretation of the requirement.  Plaintiff disagrees with the examiner's interpretation and believes that he satisfied the requirement with his allegations that, in general, gang member inmates had threatened to hurt him.

Courts must give deference to prison officials regarding interpretation and application of their own grievance procedures so long as the procedures provide inmates with a meaningful opportunity to present grievances.  Simpson, 2007 U.S. Dist. LEXIS 26215, at *10 (citing Wooford, 126 S. Ct. at 2387); see also Strong, 297 F.3d at 649 ("It is up to the administrators to determine what is necessary to handle grievances effectively.").  I cannot

7

conclude that the examiner's interpretation and application of the § 310.11(5)(c) requirement to plaintiff's grievance was clearly erroneous, arbitrary or intended to prevent plaintiff from exercising his right of access to the courts. Instead, it is reasonable that the examiner would require the names of those who made threats or at least specific dates when the threats were made to be able to determine whether plaintiff was truly in physical danger and needed to be separated from other inmates. Accordingly, the examiner's interpretation and application of the requirement did not obstruct plaintiff from obtaining a meaningful opportunity to present his grievance.

Finally, plaintiff might be excused from not having filed a new complaint if the examiner had failed to alert plaintiff to the problem and how to fix it. Dole v. Chandler, 438 F.3d 804, 809-10 (7th Cir. 2006). However, that is not the case here. In rejecting plaintiff's complaint, the examiner pointed to plaintiff's failure to list specific inmate names or specific dates when threats were made as the problems for which plaintiff's complaint about the dangerousness of his conditions was being rejected. Plaintiff does not identify any reason he could not comply with that instruction. Even though plaintiff did not agree that he had not alleged sufficient facts, he was told how he could satisfy the examiner's expectations in a new complaint.

Because exhaustion is mandatory, I must dismiss this case without addressing the merits. Woodford, 126 S. Ct. at 2382-83. Therefore, defendants' motion for summary

8

judgment will be granted and plaintiff's motions regarding the merits will be denied as moot.

Before concluding, I note that although defendants' argument regarding administrative exhaustion is successful, such success is mostly a result of the undisputed facts with little, if any, help from defendants' discussion of the issue in defendants' legal brief. In fact, it is somewhat inaccurate to place the label "legal brief" on defendants' nine-page submission that consists of paragraph after paragraph of boiler plate legal statements followed with minimal, and in some instances a complete absence of, application of the law to the facts in this lawsuit. In the future, it would be helpful if defendants would include greater legal analysis in their briefs.


ORDER

IT IS ORDERED that the motion for summary judgment (dkt. #41) filed by defendants Matthew Frank, R. Schneiter, Gary Boughton, B. Kool and Peter Huibregtse is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for plaintiff Stephen Wendell Jones' failure to exhaust his administrative remedies. The clerk of court is directed to enter judgment in favor of defendants and close this case.

FURTHER, IT IS ORDERED that plaintiff's (1) renewed motion for a temporary restraining order and preliminary injunction (dkt. #59); (2) motion to submit additional exhibits in response to defendants' summary judgment motion (dkt. #60); and (3) motion

to file a supplemental response to defendants' proposed finding of fact (dkt. #61) are

DENIED as moot.

Entered this 14th day of April, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

10