IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN WENDELL JONES,

                Plaintiff,

      v.

SECRETARY MATTHEW FRANK, WDOC,
in his official capacity; WARDEN R.
SCHNEITER, WSPF; GARY BOUGHTON, a
Security Director; B. KOOL, a Unit
Manager; and PETER HUIBREGTSE, Under
Warden,

                Defendants.

ORDER

07-cv-141-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        This case is presently on appeal.  Plaintiff Stephen Wendell Jones has been directed to pay, no later than July 24, 2008, the $455 fee for filing his appeal.  If he does not make the payment, the court of appeals has indicated that it will dismiss his appeal for failure to prosecute.  The court of appeals' docket does not reflect that plaintiff paid the fee.  Neither does it show that a dismissal order has been entered.  Now, however, plaintiff has filed in this court a motion asking either for the return of exhibits or for placement of those exhibits under seal.  In particular, plaintiff identifies exhibit nos. 150-152 attached to Dkt. #26, exhibit nos.

1

101, 103, 105, 106, 107, 108, 109, 124, 125 and 127 filed in support of his amended complaint (Dkt. #27), exhibit nos. 112, 129, 131, 132, 133, 136 and 137 (Dkt. #8) and exhibit nos. 102, 104, 119, 121, 122, 130, 155, 161, 162 (pps. 1-2), 167 (pps. A-E), 168 and 179 as exhibits he wants sealed or returned to him.  In addition, he asks for an order directing the defendants to maintain these documents in confidence.

Once a case is closed and the time for filing an appeal has run, a party may request the return of exhibits filed in the court's record of a case.  This means that as soon as the court of appeals acts finally with respect to plaintiff's appeal, he is free to write to the court to request the return of his exhibits.  For now, his request is premature.  When he renews his request, plaintiff should be sure to identify the docket number(s) where his exhibits 102, 104, 199, 121, 122, 130, 155, 161, 162, 167, 168 and 179 may be found.  It is not proper for plaintiff to rely on the court to search through the record to locate these documents.  A copy of the docket sheet is enclosed to plaintiff with this order for his use in determining where those items might be.

With respect to plaintiff's request that this court issue an order requiring defendants to maintain in confidence their copies of the above-referenced exhibits, that request will be denied.  As I told plaintiff in an order dated August 23, 2007, the time for requesting that a document be placed under seal is at the time the document is filed, not months after the document has been in the public record.  In any event, Dkt. ##26 and 27 are already under

seal.   That means that defendants may not make them public.   Plaintiff is free to write defendants' counsel to make an informal request that the remainder of the documents be held in confidence, but it will be up to counsel to respond to that request according to the procedures in place in the Attorney General's office for handling such requests.


ORDER

IT IS ORDERED that plaintiff's request for the return of exhibits is DENIED as premature; his request that exhibits be placed under seal and that the court direct the defendants to maintain their copies of his exhibits in confidence is DENIED as untimely.

Entered this 31st day of July, 2008.

BY THE COURT:


/s/

_____
BARBARA B. CRABB
District Judge

3